IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Douglas R. Paxton,

    Plaintiff,

  v.                                    Case No. 2:19-cv-1450

Commissioner of
Social Security,

    Defendant.

OPINION AND ORDER

    Plaintiff Douglas R. Paxton, brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. In a decision dated May 24, 2018, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of degenerative disc disease of the lumbar spine; degenerative joint disease of the bilateral knees; morbid obesity; bilateral rotator cuff tendinopathy; and biceps tendinitis. PAGEID 64. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit him to perform sedentary work with additional physical and mental restrictions. PAGEID 67-68. After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. PAGEID 74-75.

    This matter is before the court for consideration of plaintiff's June 19, 2020, objections to the June 5, 2020, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff's objections concern the ALJ's response to the

2

report of Robert D. Whitehead, M.D., regarding his consultative physical examination of plaintiff on March 30, 2015.  PAGEID 417-420.  In his report, Dr. Whitehead noted that plaintiff was 45 years of age, was 73" tall and weighed 354 pounds.  He observed that plaintiff walked with an antalgic but stable gait favoring the right side and that the cervical spine showed painful but full range of motion with no midline or paravertebral tenderness, no palpable bony abnormalities, and no upper extremity focal deficits with strength testing or light touch sensation.  PAGEID 418.  The thoracic spine showed a normal range of motion and contour with no tenderness, scoliotic changes, or midline or paravertebral tenderness.  PAGEID 419.  The lumbar spine showed diffuse tenderness and decreased range of motion, but no scoliotic changes.  PAGEID 419.

    Dr. Whitehead further noted that plaintiff's deep tendon reflexes were absent in the knees and the Achilles bilaterally, but straight leg raises were negative bilaterally, and strength was maintained at 5/5 in the lower extremities.  Plaintiff was able to briefly stand on his heels and toes, and although sensation was altered from the knee distally in the right leg diffusely, sensation was maintained on the left leg.  PAGEID 419.  Examination of the bilateral shoulders showed a decreased painful range of motion with mild impingement and tenderness bilaterally, and with greater tenderness in the right biceps tendon, but no clubbing, cyanosis or edema of the extremities.  The right knee examination showed positive effusion, medial joint line tenderness, and peripatellar tenderness, with no varus or valgus laxity.  The left knee showed no effusion, with medial joint line tenderness but no

3

soft tissue swelling, erythema or warmth to the touch.  PAGEID 419.

Dr. Whitehead's assessment indicated that plaintiff suffered from: chronic low back pain likely related to degenerative disk disease with probable radiculopathy, possible spinal stenosis, but no clonus or other suggestion of critical levels of spinal stenosis; degenerative joint disease of the right knee; left knee pain likely related to degenerative joint disease; and bilateral shoulder pain likely rotator cuff tendinopathy and biceps tendinitis.  PAGEID 419.  He concluded by stating that the "[e]xamination today would suggest this individual at the present time would have difficulty maintaining remunerative type employment."  PAGEID 419.

The ALJ gave little weight to the opinion of Dr. Whitehead.  PAGEID 72.  The ALJ noted:

> Dr. Whitehead opined that the claimant would have difficulty maintaining remunerative type employment. This opinion is vague and it is given little weight as it is both internally inconsistent with Dr. Whitehead's own examination findings which are normal as to strength and show no more than a limited range of motion in the lumbar spine and the shoulders.  It is also not consistent with the broader medical record or the claimant's reported activities of daily living.  Finally, it is an opinion on an issue reserved for the commissioner.

PAGEID 72.

Plaintiff argues that in light of the ALJ's assessment that Dr. Whitehead's opinion was "vague" and was "on an issue reserved for the commissioner[,]" the AlJ should have followed the Social Security Administration's Program Operations Manual System ("POMS") guidelines.  Specifically, POMS DI 24503.040(E)(1) addresses "Evaluating a Statement on an Issue Reserved to the Commissioner." The guideline in effect at the time plaintiff filed his claim

4

provided:

> If the evidence does not support a medical source's statement on an issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the statement from the case record, the adjudicator must make every reasonable effort to recontact the source for clarification of the reasons for the statement.

POMS DI 24503.040(E)(1). Plaintiff argues that under this provision, the ALJ was required to recontact Dr. Whitehead to clarify the reasons for his statement that plaintiff would have difficulty maintaining remunerative employment, and that his failure to do so constituted reversible error.

The court disagrees with the argument that the ALJ was unable to ascertain the basis of Dr. Whitehead's opinion from the case record. Dr. Whitehead's opinion could only have been based on his observations concerning plaintiff's physical condition during the one-time consultative examination. The ALJ explained that he was giving little weight to Dr. Whitehead's opinion because it was not supported by Dr. Whitehead's own examination findings and was not consistent with the other medical evidence and plaintiff's daily activities. PAGEID 72. Earlier in his decision, the ALJ addressed each of plaintiff's impairments in detail, comparing the report of the March 2015 consultative examination conducted by Dr. Whitehead with other medical records which conflicted with his report. PAGEID 69-71. Because the ALJ could and did ascertain the basis of Dr. Whitehead's opinion from the case record, no obligation to contact Dr. Whitehead was ever triggered.

In addition, the magistrate judge correctly concluded that, in any event, the ALJ's failure to contact Dr. Whitehead under the POMS guideline was not reversible error. As the magistrate judge

5

noted, the POMS guidelines, which are not subject to the formal rule-making procedure found in the Administrative Procedure Act, do not have the force and effect of law. *See Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989)(noting that the POMS is persuasive authority but it does not have the force and effect of law). Thus, courts have held that a failure to comply with POMS guidelines is not a basis for reversing an ALJ's decision. *See Burns ex rel. J.A.B. v. Comm'r of Soc. Sec.*, No. 1:13-CV-592, 2014 WL 5035351, at *6 (W.D. Mich. Oct. 8, 2014)(POMS guidelines have no legal force, and the failure to follow the POMS is not legal error); *Byers v. Com'r*, No. 1:13-cv-339, 2014 WL 701597, at *15 n. 11 (W.D.Mich. Feb. 24, 2014)(failure to comply with the POMS is not a basis for reversing an ALJ's decision).

Plaintiff cites *Washington State Department of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003), in which the Court noted that the Commissioner's administrative interpretations of the phrase "legal process" in the POMS, while not products of formal rulemaking, "nevertheless warrant respect[.]" However, that case does not stand for the broad proposition that all procedural rules in the POMS, such as the one at issue in this case, are legally binding on the Commissioner.

In addition, a codified agency regulation pertaining to recontacting medical sources was revised effective March 26, 2012, to clarify that the decision to recontact a source is within the discretion of the ALJ. See *Humphries v. Comm'r of Soc. Sec.*, No. 18-12123, 2019 WL 3244284, at *5 (E.D. Mich. June 25, 2019), *report and recommendation adopted*, 2019 WL 3229132 (E.D. Mich. July 18,

6

2019). That regulation states: "We may recontact your treating physician, psychologist, or other medical source." 20 C.F.R. §404.1520b(c)(1) (now codified at 20 C.F.R. §404.1520b(b)(2)(i)). Under that regulation, the option to recontact a physician is discretionary. *McBride v. Comm'r of Soc. Sec.*, No. 1:16-CV-708, 2017 WL 3393948, at *12 (S.D. Ohio Aug. 7, 2017), *report and recommendation adopted*, 2017 WL 4230516 (S.D. Ohio Sept. 25, 2017)(the regulations specify that recontacting a treating physician or other medical source is permissive, not mandatory). This regulation trumps any argument that the POMS provision created a mandatory contact requirement.

The court concludes that the ALJ did not commit any error, reversible or otherwise, by failing to contact Dr. Whitehead for an explanation of his opinion.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ did not violate the agency's regulations, and that his finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 20) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 19). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.

Date: August 12, 2020               s/James L. Graham
                                               James L. Graham
                                             United States District Judge